UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYRA OBERGH; IVONNE BRITO,

                        Plaintiffs,

-against-

BUILDING MAINTENANCE SERVICES LLC; EHTICAL CULTURE FIELDSTON SCHOOL; NOEL SORIANO; SEDAT OSMANOVIC; JORGE "DOE",

                        Defendants.

1:21-CV-5053 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATIONS

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiffs bring this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiffs must either pay a total of $402 in fees that are required to file a civil action in this court or each submit an amended IFP application.

    To proceed with a civil action in this court, Plaintiffs must either pay a total of $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, each submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiffs have each filed an IFP application. But they have failed to clearly and fully answer the questions in their IFP applications so that the Court may make a determination as to whether they should proceed without prepayment of the $402 in fees.

    Plaintiff Obergh indicates in her IFP application that she is employed, but she does not list the name or address of her employer; she alleges that she earns either $981 or $12,000 per month. (ECF 2, at 1.) She also states that she receives rent, interest, or dividend payments, in addition to pension, annuity, or life-insurance payments, but she does not state the amounts of those payments. (*Id.* at 1-2.) She asserts that the source of all of those payments is her job. (*Id.* at

2.) Plaintiff Obergh does not answer the questions in her IFP application that ask how much money she has in a bank account and whether she owns any other assets and, if so, what is value of each of those other assets. (*Id.*) Finally, while Plaintiff Obergh does indicate that she has housing, transportation, or other regular monthly expenses, she does not list those expenses. (*Id.*)

In her IFP application, Plaintiff Brito also alleges that she is employed, but like Plaintiff Obergh, she does not list the name or address of her employer; she alleges that she earns either $2,800, $3,600, or $12,000 per month. (ECF 1, at 1.) Plaintiff Brito also states that she receives rent, interest, or dividend payments, but she does not list the sources or amounts of those payments. (*Id.* at 1-2.) She alleges that she has $3,000 in a bank account and that she has no expenses. (*Id.* at 2.)

Because of Plaintiffs' failure to clearly and fully answer the questions about their respective financial statuses, the Court does not have sufficient information to make a determination concerning their ability to pay the fees. Accordingly, within thirty days of the date of this order, Plaintiffs must either pay a total of $402 in fees to commence this action, or each complete, sign, and submit the attached amended IFP application in which each Plaintiff must fully disclose her financial status by clearly answering all of the application's questions. Each Plaintiff must file a separate amended IFP application. If Plaintiffs submit the amended IFP applications, they should each be labeled with docket number 1:21-CV-5053 (LTS). If the Court finds that Plaintiffs now possess the funds to pay the fees, they may be required to do so.

The Court directs the Clerk of Court to mail a copy of this order to each Plaintiff and note service on the docket. If Plaintiffs comply with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: June 14, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge