```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2022

MAYRA OBERGH and IVONNE BRITO,

                Plaintiffs,

-against-

BUILDING MAINTENANCE SERVICES LLC and ETHICAL CULTURE FIELDSTON SCHOOL.

                Defendants.

21-CV-5053 (VEC)

ORDER ADOPTING REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 7, 2021,[1] Plaintiffs Mayra Obergh and Ivonne Brito, proceeding *pro se*, filed a complaint against Defendants Building Maintenance Services, LLC, Ethical Culture Fieldston School, Noel Soriano, Sedat Osmanovic, and Jorge "Doe," Dkt. 3;

WHEREAS on November 9, 2021, and November 10, 2021, Plaintiffs filed a notice of voluntary dismissal dismissing their claims against Noel Soriano, Sedat Osmanovic, and Jorge "Doe," Dkts. 14, 15;

WHEREAS Plaintiffs asserted causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, and the New York City Human Rights Law ("NYCHRL"), Dkt. 1;

WHEREAS on November 19, 2021, Defendants moved to dismiss the complaint for failure to state a claim and lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), Dkts. 15, 16.  Plaintiffs opposed this motion, Dkt. 27, and Defendants replied, Dkt. 29.

WHEREAS on November 21, 2021, the Court referred this case to Magistrate Judge Cott for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 21;

---

[1] This case was initially assigned to Judge Laura Swain and re-assigned to the Undersigned on July 15, 2021.

WHEREAS on July 15, 2021, Judge Cott entered an R&R, recommending that the Court (1) grant Defendants' motion to dismiss with prejudice as to Plaintiff Brito's Title VII claim and without prejudice as to her NYCHRL claim; and (2) grant Defendants' motion to dismiss without prejudice as to Plaintiff Obergh and grant her leave to file an amended complaint, Dkt. 32 at 1, 13;

WHEREAS in the R&R, Judge Cott notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's findings, R&R at 28;

WHEREAS Judge Cott further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no party objected to the R&R;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion to dismiss as to Plaintiff Brito's claim is GRANTED with prejudice as to her Title VII claim and

without prejudice as to her NYCHRL claim, and Defendants' motion to dismiss as to Plaintiff Obergh's claim is GRANTED without prejudice. The Court grants Plaintiff Obergh leave to file an amended complaint by no later than **Friday, September 16, 2022**. The Clerk of Court is respectfully directed to terminate the open motion at Docket 16 and to terminate Brito as a plaintiff. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiffs and to note mailing on the docket.

   IT IS FURTHER ORDERED THAT because the R&R gave the parties adequate warning, *see* R&R at 28, the failure to object to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

**SO ORDERED.**

Date: **August 14, 2022**
      **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**