```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAYRA OBERGH,

                Plaintiff,

      -against-                         21-CV-5053 (VEC) (JLC)

BUILDING MAINTENANCE SERVICE LLC and    ORDER ADOPTING
ETHICAL CULTURE FIELDSTON SCHOOL,        REPORT &
                                                                     RECOMMENDATION

                Defendants.
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 7, 2021,[1] Plaintiffs Mayra Obergh and Ivonne Brito, proceeding *pro se*, sued Defendants Building Maintenance Services, LLC, Ethical Culture Fieldston School, and three individuals, Dkt. 3;

      WHEREAS on November 9, 2021, Ms. Obergh and Ms. Brito voluntarily dismissed their claims against the individuals, Dkt. 14;

      WHEREAS on November 21, 2021, the Court referred this case to Magistrate Judge Cott for general pretrial management and for the preparation of reports and recommendations on any dispositive motions, Dkt. 21;

      WHEREAS on August 14, 2022, the Court adopted Magistrate Judge Cott's Report & Recommendation ("R&R") recommending dismissal of Plaintiffs' remaining claims with leave for Ms. Obergh to file an amended complaint, Dkt. 33;

---

[1] This case was initially assigned to Judge Laura Swain; it was re-assigned to the Undersigned on July 15, 2021.

WHEREAS on October 7, 2022, Ms. Obergh filed a document styled as an amended complaint that is largely duplicative of the complaint she filed with the New York City Commission on Human Rights, *see* Dkt. 36; R&R, Dkt. 50 at 7 n.2, and an additional statement on October 28, 2022, Dkt. 39;

WHEREAS Ms. Obergh asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, and the New York City Human Rights Law ("NYCHRL"), Dkt. 36;

WHEREAS on November 18, 2022, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Mot., Dkt. 41; Defs. Mem., Dkt. 44 at 1;

WHEREAS on February 15, 2023, Judge Cott entered an R&R, recommending that the Court dismiss Ms. Obergh's Title VII claims with prejudice and dismiss Ms. Obergh's NYCHRL claims without prejudice to her renewing those claims in state court, R&R, Dkt. 50 at 2, 15;

WHEREAS in the R&R, Judge Cott notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's findings, R&R at 15;

WHEREAS Judge Cott further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.* (using all caps and bold font);

WHEREAS no party objected to the R&R;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d

462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full and Defendants' motion to dismiss the Amended Complaint is GRANTED. Ms. Obergh's Title VII claims are DISMISSED with prejudice, and Ms. Obergh's NYCHRL claims are DISMISSED without prejudice. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 41 and to CLOSE the case. The Clerk is further directed to mail a copy of this Order to Ms. Obergh, who is proceeding *pro se*, and to note the mailing on the docket.

IT IS FURTHER ORDERED THAT because the R&R gave the parties adequate warning, *see* R&R at 15, the failure to object to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

**SO ORDERED.**

Date: **March 21, 2023**  
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**